IN THE UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:21-CV-2-D

FIRST PROTECTIVE INSURANCE COMPANY,

    Plaintiff,

v.

JAMES GANT AND CASSANDRA GANT,

    Defendants

**CONSENT PROTECTIVE ORDER**

**CONSENT PROTECTIVE ORDER**

The parties hereto, having agreed to the entry of a Protective Order pursuant to Federal Rule of Civil Procedure 26(c), as evidenced by the signatures of their respective counsel appended hereto, and the court having approved such order:

IT IS HEREBY ORDERED THAT:

1. Any and all 30(b)(6) depositions of employees identified by Plaintiff as having the information necessary to answer questions pertaining to any and all matters identified in the Defendants' "Matters of Inquiry" document attached hereto as **Exhibit A** be designated as "CONFIDENTIAL."

2. All protected subject matter designated as Confidential Information shall be retained by counsel for the Defendants during the pendency of this litigation. Such materials, and any copies thereof or extracts therefrom, shall not be subject to inspection by, and shall not be disclosed to, anyone other than (a) parties and employees of a party to this Order, but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed; (b) trial counsel of record; (c) members or employees of trial counsel's firm assisting trial counsel in this litigation; (d) public adjusters and/or independent adjusters retained by either party during the course of the subject claim; (e) the court and court personnel and stenographic reporters at depositions taken in this action, or the additional individuals specified in Paragraph 3 of this Protective Order. Persons who, by virtue of the conduct of this litigation, have knowledge of the designated Confidential Information shall not suffer or permit its disclosure or that of any

information obtained, derived, compiled or ascertained therefrom, to any person or persons not entitled under this Protective Order to receive such information, nor use such information for any purpose except this litigation, unless and until such designation is removed either by stipulation by counsel for the parties or by order of the Court.

3. The additional individuals permitted to receive and view designated Confidential Information shall be limited to a reasonable number of independent experts who are not regularly employed by or associated with a party hereto and whose advice and consultations are being or will be used by a party hereto in connection with preparation for trial or trial of this action, provided the requirements set forth in Paragraph 4 are complied with.

4. With respect to the individuals identified in Paragraph 3, written notice of the name, address, current employer (if any), and title of each shall be furnished to the counsel of record for Plaintiff at least ten (10) days before access thereto is to be given to such individuals, such notice to specify the date when access is to be given. Plaintiff shall have ten (10) days after receipt of such written notification to move this Court for a protective order that any such individuals not be given access to Confidential Information. In the event such a motion is duly made, no disclosure shall be made to such individuals until the Court decides such motion, or the parties resolve the matter by agreement. In addition, each of the individuals identified in Paragraph 3 shall execute an undertaking in the form attached hereto, prior to any such individuals receiving any of the Confidential Information pursuant to Paragraph 3. Plaintiff will be served with a copy of the undertaking attached hereto as **Exhibit B.**

5. Any deposition transcript filed with the Court for any purpose, or any pleading, motion or brief filed with the Court containing or disclosing said Confidential Information shall be filed in accordance with Local Civil Rule 79.2 (E.D.N.C. De. 2019); Elec. Case Filing Admin. Policies & Proc. Manual § V.G. (E.D.N.C. Mar. 2017). Documents not filed but exchanged between the Parties shall be in a sealed envelope, marked on the outside with the title of this action, and identification of each document within, and a statement substantially in the following form:

> **"CONFIDENTIAL SUBJECT to Protective Order. This envelope (or container) containing the above identified papers filed by (name of party), is not to be opened nor the contents thereof displayed or revealed except by Court Order or by agreement of the parties."**

6. Should counsel for any party desire to use Confidential Information, or any summary thereof or extract therefrom, during the trial of this action, he or she prior to such use shall bring the confidentiality thereof to the attention of this court and/or the Plaintiff. Counsel for the Plaintiff may request that any portion of the transcript be filed under seal with this court pursuant to Local Civil Rule 79.2 (E.D.N.C. De. 2019); Elec. Case Filing Admin. Policies & Proc. Manual § V.G. (E.D.N.C. Mar. 2017), and otherise be accorded confidential treatment as provided by the terms of this Protective Order. All those present

at the time of such use shall be directed to treat such information as confidential, and counsel for the parties shall exercise all reasonable care not to disclose such materials needlessly in the public record of this proceeding nor to persons not entitled under this Order to receive such information.

7. In the event anyone shall violate or threaten to violate any terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order, and in the event the aggrieved party shall do so, the respondent person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other persons subject to the terms of this Order agree that the Court shall retain jurisdiction over it and them for the purpose of enforcing this Order.

8. Neither the taking of any action in accordance with the provision of this Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. The entry of this Order shall not be construed as a waiver of any right to make any other type of objection, claim or other response.

9. This Protective Order shall remain in full force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court.

This the _____ day of _____, 2022.

| MCANGUS GOUDELOCK & COURIE, PLLC | HOWARD STALLINGS, FROM, ATKINS, ANGELL & DAVIS, P.A. |
|---|---|
| /s/ Jeffrey D. Keister<br>JEFFREY D. KEISTER<br>NC Bar No: 28612<br>McAngus Goudelock & Courie, PLLC<br>Post Office Box 30516<br>Raleigh, North Carolina 27622<br>(919) 719-8200<br>jkeister@mgclaw.com<br><br>*Attorneys for First Protective Insurance Company* | /s/ Brooke E. Webber<br>BROOKE E. WEBBER<br>NC Bar No. 56619<br>Rebecca H. Ugolick<br>NC Bar No. 48126<br>5410 Trinity Road, Suite 210<br>Raleigh, N.C. 27607<br>(919) 821-7700<br>bwebber@hsfh.com<br>rugolick@hsfh.com<br><br>*Attorneys for Defendants* |

*********************

**COURT'S APPROVAL AND MODIFICATION**

The parties having consented to the entry of a protective order governing disclosure of confidential information, the court hereby GRANTS Plaintiff's motion for a protective order [DE #32] and APPROVES and ADOPTS the terms of the parties' proposed Consent Protective Order subject to the following modification(s):

1. The document filed as DE #32-4 is designated as Exhibit B as referenced in Paragraph 4 of the Consent Protective Order.

SO ORDERED, this 29th day of April 2022.

_____
KIMBERLY A. SWANK
United States Magistrate Judge

# EXHIBIT A

## MATTERS OF INQUIRY FOR DESIGNATED CORPORATE REPRESENTATIVE(S):

1. Knowledge of the full name and company title, of all of persons who participated in making the decision on behalf of FIRST PROTECTIVE INSURANCE COMPANY to deny, decline, or delay payment upon the Defendants' Claims, specifically defined as Claim No. 01-8128 and Claim No. 01-8217. **Any mention of the "Claims" will specifically refer to Claim No. 01-8128 and Claim No. 01-8217 only.** Questioning on this topic will include the specific roles and involvement of each subject to the Claims.

2. Knowledge of the meaning intended by the terms, limitations, exclusions and/or conditions within the FIRST PROTECTIVE INSURANCE COMPANY insurance policies issued to the Defendants. Questioning on this topic will include the specific roles and understanding of each.

3. Knowledge as to whether FIRST PROTECTIVE INSURANCE COMPANY'S claims investigation into and handling of the subject Claims complied with FIRST PROTECTIVE INSURANCE COMPANY'S own standards and rules in place for claims handling during the pendency of these Claims, in the geographic location of the losses. Questioning on this topic will include the specific roles and understanding of each subject to the Claims.

4. The person(s) most knowledgeable at FIRST PROTECTIVE INSURANCE COMPANY to testify regarding FIRST PROTECTIVE INSURANCE COMPANY'S complete claims files, including Claim No. 01-8128 and Claim No. 01-8217 (referred to throughout as the "Claims"), and including but not limited to:

    a. All written communication to or from any employee, contractor and/or representative of FIRST PROTECTIVE INSURANCE COMPANY relating in any way to the processing of the Claims at issue in this action;

    b. All written or oral communication, whether in person or by telephone, to or from any employee, contractor and/or representative of FIRST PROTECTIVE INSURANCE COMPANY relating in any way to the processing of the Claims at issue in this action;

    c. All written or oral communications, whether in person or by telephone, between any employee, contractor and/or representative of FIRST PROTECTIVE INSURANCE COMPANY and the Defendants relating in any way to the Claims at issue in this action;

    d. All written or oral communications, whether in person or by telephone, between any employee, contractor and/or representative of FIRST PROTECTIVE INSURANCE COMPANY and any third party relating in any way to the Claims at issue in this action;

e. All written records of any investigation conducted in connection with the Claims at issue in this action;

   f. All written or oral communications, whether in person or by telephone, to or from any employee, contractor and/or representative of FIRST PROTECTIVE INSURANCE COMPANY relating in any way to the decision to deny, delay, authorize or withhold payments on the Claims;

   g. All written or oral communications, whether in person or by telephone, between the Defendants and any employee, contractor and/or representative of FIRST PROTECTIVE INSURANCE COMPANY relating in any way to the decision to deny or delay the Claims;

   h. All written or oral communications, whether in person or by telephone, between any employee, contractor and/or representative of FIRST PROTECTIVE INSURANCE COMPANY and any third party relating in any way to the decision to deny or delay the Claims; and

   i. All other documents pertaining to the Claims at issue in this litigation, including any material from any case management system, software, and/or platform.

5. Knowledge regarding why three different independent adjusters were assigned to work on the Claims. Questioning on this topic will include when FIRST PROTECTIVE INSURANCE COMPANY received a report and/or estimate from Cynthia Laney, Anthony Frost and/or Clay Tinnell, or the Defendants. Questioning on this topic will also include inquiry into the procedure, method, and timing in which FIRST PROTECTIVE INSURANCE COMPANY assigns claims to independent adjusters.

6. Knowledge regarding the method of investigation of the Claims. Questioning on this topic will include whether FIRST PROTECTIVE INSURANCE COMPANY received a report and/or estimate from the Defendants, and if so, whether or not it was accepted or rejected.

7. Knowledge regarding the identity, by name, address and phone number, of each and every person that concluded or will otherwise testify that the damage to the Defendants' subject properties subject of the Claims was not caused by a hurricane event on or around September 14, 2018. Questioning on this topic will include the date(s) that each responsive person made conclusions regarding causation and the findings and purpose of each finding.

8. Knowledge regarding the identity, by name, address and phone number, of each and every person that concluded or will otherwise testify that the damage to the Defendants' properties subject of the Claims was pre-existing and unrelated to the aforementioned hurricane event. Questioning on this topic will include the date(s) that each responsive person made conclusions regarding the Defendants' properties and the findings and purpose of each finding.

9. Knowledge regarding the Plaintiff's policy, practice, and procedure of inspecting properties and/or having agents inspect properties prior to insuring them. Questioning on this topic will include Plaintiff's reasoning behind having such inspections conducted, whether through agents or directly, and to the extent FIRST PROTECTIVE INSURANCE COMPANY has knowledge, the findings of all such inspections of the Defendants' properties subject of the Claims, either performed by an agent and/or FIRST PROTECTIVE INSURANCE COMPANY.

10. Knowledge regarding the identity of all persons, including their name, address and phone number, who Plaintiff interviewed or otherwise communicated with, or who were interviewed or communicated with at Plaintiff's direction and/or on Plaintiff's behalf, during the investigation and/or adjusting of the Claims that are the subject of this lawsuit. Questioning on this topic will include the date(s) that each responsive person was interviewed regarding the Defendants' properties (related to the Claims) and the purpose of each.

11. Knowledge regarding the identity of all persons, including their name, address and phone number, who created and/or produced an Xactimate Report (whether draft or final product) or any other type or form of an estimation of damages and/or repairs to the Defendants' properties and/or the size and/or scope of the Claims. Questioning on this topic will include a description of each responsive person's involvement subject to the Claims.

12. Knowledge regarding the identity of all persons, including their name, address and phone number, who were in anyway involved in evaluating and/or estimating the costs of any repairs and/or the scope of any damage to the Defendants' properties on Plaintiff's behalf and/or the size and/or scope of the Claims. Questioning on this topic will include a description of each responsive person's involvement subject to the Claims.

13. Knowledge regarding Plaintiff's complete factual basis for delaying and denying the Claims. Questioning on this topic will also include inquiry into all evidence Plaintiff has to support Plaintiff's delay of the Claims. Questioning on this topic will specifically include inquiry into all evidence and knowledge Plaintiff has indicating that there was any sort of pre-existing damage to the Defendants' properties or otherwise was not the cause of damage to Defendants' properties, subject to the Claims.

14. Knowledge regarding each and every document, physical inspection, and/or information request made by Plaintiff or Plaintiff's agents upon the Defendants or anyone acting on Defendants' behalf subject to the Claims. Questioning on this topic will include the date when each such document, physical inspection and/or information request was made, the information, physical inspection, and/or documents sought, and Plaintiff's specific reasons for making each and every individual request subject to the Claims.

15. Each person designated to testify by FIRST PROTECTIVE INSURANCE COMPANY pursuant to this notice must be prepared to testify regarding any and all other instances in which they have testified under oath, whether by deposition or at trial, the name of the action in which they testified under oath, the caption of the case in which they testified under oath,

and be able to provide a generic description of the subject matter of the legal proceeding in which they testified under oath for the past ten years.

16. Knowledge to explain comprehensively and in detail as to whether FIRST PROTECTIVE INSURANCE COMPANY'S claims investigation into the Claims complied with the generally accepted standards for the investigation, evaluation, determination and remediation of wind and water damage and ensuing loss with regard to the Claims, specifically including FIRST PROTECTIVE INSURANCE COMPANY'S own claims handling procedures in place during the pendency of the Claims.

17. Knowledge of the standards and/or guidelines, written or otherwise, other than any Claims Manual, adopted and implemented by Plaintiff for the proper investigation into individual first party property claims including the present location of the documents that concern, refer, or relate to the present request that were in place at the time of the Claims.

# EXHIBIT B

## APPENDIX A TO THE PROTECTIVE ORDER

## [ATTACH FULLY EXECUTED CONSENT PROTECTIVE ORDER]

IN THE UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:21-CV-00002

FIRST PROTECTIVE INSURANCE COMPANY,

    Plaintiff,

v.

JAMES GANT AND CASSANDRA GANT,

    Defendants.

    I acknowledge that I have read and understand the Consent Protective Order entered in this action on _____, 20__, and agree to abide by its terms and conditions. Because it is necessary for me in the performance of my duties to have access to Confidential Material that is the subject of the Consent Protective Order, I understand and agree that I am personally bound by and subject to all of the terms and provisions of this Order. I also agree that any entity which has received designated material in this lawsuit and for which I am a representative will be bound and will abide by the terms and conditions of the Consent Protective Order.

    Signed this _____ day of _____, 20__.

_____
Signature

_____
Address

_____
Telephone Number